UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT WILSON, | ) |
| Plaintiff, | ) Case No. 11 C 7807 |
| v. | ) Magistrate Judge Sidney I. Schenkier |
| CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this social security appeal challenging the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income. On September 10, 2012, this Court issued a Memorandum Opinion and Order reversing and remanded the decision of the Administrative Law Judge ("ALJ"). *Wilson v. Astrue*, No. 11 C 7807, 2012 WL 3961296 (N.D. Ill. Sept. 10, 2012). In the opinion, this Court held that remand was necessary because the ALJ failed to provide adequate reasons for not giving Mr. Wilson's treating doctor's opinion controlling weight and did not indicate what weight, if any, he gave the treating doctor's opinion, and with which of the doctor's opinions he disagreed. *Id.* at *9-10.

Mr. Wilson now moves this Court for an award of $10,323.80 in attorneys' fees for 54.8 hours of attorney time and 2.1 hours of legal assistant time spent on the case, as well as $15.70 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (doc. # 30). In his reply brief, Mr. Wilson further seeks reimbursement for the 2.6 hours his counsel spent preparing the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), we have substituted Acting Commissioner of Social Security, Carolyn W. Colvin, for Michael J. Astrue as the named defendant.

reply, adding $480.27 in attorneys' fees and approximately $15.00 in costs, for a total fee request of $10,804.07 plus $33.07 in costs (doc. # 39: Pl.'s Reply at 5-6).

For the reasons below, the Court grants Mr. Wilson's motion for an award of attorneys' fees and costs.

I.

Under EAJA, a party who prevails against the United States in a civil action is entitled to an award of reasonable attorney's fees where: (1) the plaintiff makes a timely application for fees; (2) the plaintiff is a "prevailing party"; (3) the government's position was not "substantially justified"; and (4) no special circumstances makes an award unjust. 28 U.S.C. § 2412(d)(1)(A)-(B). The Commissioner does not dispute that plaintiff has satisfied these prerequisites to an award of fees and costs (doc. # 38: Comm'r Resp. at 2). Nor does the Commissioner dispute, for purposes of this case, that Mr. Wilson is requesting attorneys' fees at prevailing market rates for this district, and that any fee award should be made payable to Mr. Wilson's attorney (*Id.* at 2, 3 n.1).[2]

Rather, the Commissioner challenges as excessive the 54.8 total hours of work performed by Mr. Wilson's attorneys (Comm'r Resp. at 1-2). There is "no precise rule or formula" for determining what fees are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983). However, it is well-settled that awards should not be given for fee requests that are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. The prevailing party has the burden of proving that the hours worked were reasonable. *Id.* at 433.

---

[2] The Commissioner states as a caveat to this concession that she has no objection to the EAJA payment going directly to plaintiff's counsel (pursuant to the retainer and fee agreement between Mr. Wilson and his attorney) so long as "the parties determine that Wilson has no pre-existing debt to the United States" (Comm'r Resp. at 3 n.1). However, the Commissioner offers no evidence to support that Mr. Wilson has such a debt, and so we will order that the EAJA payment we award in this opinion go directly to plaintiff's counsel. *See Seabron v. Astrue*, No. 11 C 1078, 2012 WL 1985681, at *4 (N.D. Ill. June 4, 2012) (with no indication that the plaintiff has debts that may be prior to what he owes his lawyer, EAJA fees should be made payable directly to the plaintiff's attorney (citing *Mathews-Sheets v. Astrue*, 635 F.3d 560, 565-66 (7th Cir. 2011)).

2

## II.

Mr. Wilson offers evidence that his attorneys worked 54.8 hours: he attaches an EAJA itemization of time spent on his case, rounded to the nearest tenth of an hour (doc. # 34: Pl.'s Mot., Ex. C). Mr. Wilson argues that the requested fees are reasonable because his attorneys had to make a detailed factual assessment of the 496-page administrative record and spend considerable time drafting the reply to the Commissioner's response brief, and the fees fall within the range awarded on various EAJA motions within the Seventh Circuit (doc. # 30: Pl.'s Mot. for Fees at 4-5 (citing cases and EAJA amounts awarded)). Plaintiff also details the 2.6 hours his attorneys spent drafting the reply brief in support of his EAJA motion (Pl.'s Reply at 5-6). The Commissioner responds to plaintiff's showing of reasonableness with her own extensive list of cases – from outside this Circuit – where various courts around the country granted EAJA motions seeking reimbursement for less than forty hours of work litigating Social Security cases (*see* Comm'r Resp. at 3-4 n.2).

As we previously have explained, generic comparisons to the amount of time compensated in other Social Security review cases – whether offered by the plaintiff or the Commissioner – carry little persuasive appeal. A party "should do more than point to a mere disparity between the fees sought in the one case and the amount of fees awarded in other cases," and instead should explain why the cases cited are similar to the present case with respect to volume of background materials, the procedural nature of the case, and the number and complexity of the issues presented. *Seabron v. Astrue*, No. 11 C 1078, 2012 WL 1985681, at *2 (N.D. Ill. June 4, 2012) (citing *Tchemkou v. Mukasey*, 517 F.3d 506, 511 (7th Cir. 2008)). Neither party has offered that kind of analysis here.

The Commissioner attempts to offer explanations as to why the expenditure of time by plaintiff's counsel here was excessive. She argues that this was a "relatively routine" case, since it did not include any novel claims or arguments and involved a transcript with less than 200 pages of medical evidence (Comm'r Resp. at 3-4). The Commissioner "particularly objects" to the 16.3 hours of time devoted to drafting and editing Mr. Wilson's reply brief – more than 50 percent of the time devoted to drafting the opening brief – because the reply contained "no new research and largely reiterated the arguments presented in the opening brief" (*Id.* at 4).

As we have stated before, this Court will not engage in "an arbitrary determination of how long a reasonable attorney would spend on certain matters." *Seabron*, 2012 WL 1985681, at *1-2 (citing *O'Sullivan v. City of Chicago*, 484 F.Supp. 2d 829, 837 (N.D. Ill. 2007)). We are mindful of the Seventh Circuit's observation that "[l]awyers do not come from cookie cutters. Some are fast studies and others require extra preparation." *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993). We do not find that preparing an opening brief for a case involving a record containing less than 200 pages of medical evidence, or preparing a reply brief that requires no independent legal research, invariably should take less time than Mr. Wilson's attorneys spent here. We have considered the explanation offered by plaintiff's counsel for the time spent reviewing the record and preparing the reply in support of his motion to remand, and we find it sufficient to support the amount of time expended (Pl.'s Reply at 3-4).

Nevertheless, the Commissioner argues that plaintiff has not met his burden of showing the fees he seeks are reasonable because he did not provide an analysis and comparison with reasonable fee awards in other cases (Comm'r Resp. at 2-3). The Commissioner points to no case, however, requiring a plaintiff to perform this type of legal analysis to demonstrate that his fee petition is reasonable. Rather, Mr. Wilson has provided a detailed, itemized list of work his

4

attorneys performed on his case, and further describes in his motion and reply brief what this work entailed. He has done enough to support his petition.

## CONCLUSION

For the foregoing reasons, we grant Mr. Wilson's motion for attorneys' fees under the Equal Access to Justice Act (doc. # 30), and award fees in the amount of $10,804.07, plus $33.07 in costs, made payable to plaintiff's counsel, Barry A. Schultz.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: April 4, 2013